UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Pamela A. Palzkill

                Plaintiff

COMPLAINT

v.

CURT Manufacturing, Inc.,
CURT Manufacturing, LLC

Case No. 14 CV 563

                Defendants.

Plaintiff, Pamela A. Palzkill, by her attorneys, Bakke Norman, S.C., by Peter M. Reinhardt, states and complains of the Defendants, CURT Manufacturing, Inc., and CURT Manufacturing, LLC, as follows:

### PARTIES TO THE ACTION

1. Plaintiff, Pamela A. Palzkill, is an adult individual and resides at W3141 State Road 37, Eau Claire, Wisconsin.

2. Defendant, CURT Manufacturing, Inc., is a Wisconsin corporation with its principal place of business located at 6208 Industrial Drive, Eau Claire, Wisconsin. Its registered agent is Curt Tamborino, 6208 Industrial Drive, Eau Claire, Wisconsin.

3. Defendant, CURT Manufacturing, LLC, (hereinafter referred to, at times, as CURT") is a foreign limited liability company with its principal place of business located at 6208 Industrial Drive, Eau Claire, Wisconsin. Its registered agent is CT Corporation System, 8020 Excelsior Dr., Suite 200, Madison, Wisconsin.

1

4. Upon information and belief, Defendant, CURT Manufacturing, Inc., was merged with Defendant, CURT Manufacturing, LLC, on or about December 23, 2010, with CURT Manufacturing, LLC, becoming the surviving entity.

5. Defendant, CURT Manufacturing, LLC, is in the business of manufacturing towing products, including automobile and truck hitches.

6. Defendant, CURT Manufacturing, LLC, is an employer as that term is defined at 42 U.S.C. § 12111(5)(A).

## NATURE OF ACTION

7. Plaintiff, Pamela A. Palzkill, claims the Defendant, CURT Manufacturing, LLC, discriminated against her by refusing to hire or employ Plaintiff, based on her disability, all in violation of 42 U.S.C. § 12112 (a), 42 U.S.C. § 12112(b)(1), 42 U.S.C. § 12112(b)(4) and 42 U.S.C. § 12112(b)(5)(B).

8. Plaintiff, Pamela A. Palzkill, filed a charge of discrimination with the EEOC on May 14, 2012, Charge No. 443-2012-01065, which was cross-filed with the State of Wisconsin Equal Rights Division, ERD Case No. CR201202146.

9. Plaintiff, Pamela A. Palzkill, received a Notice of Right to Sue with respect to the claims identified in paragraph seven hereof on or about July 16, 2014.

## JURISDICTION AND VENUE

10. Jurisdiction in this court is proper as this case presents a federal question and controversy. Venue in the Western District of Wisconsin is appropriate because the conduct giving rise to Plaintiff's claim occurred in this district.

## ALLEGATIONS

11. In 2007, Plaintiff Palzkill was diagnosed with Multiple Sclerosis. She has continued to suffer from Multiple Sclerosis since that time.

12. Plaintiff's Multiple Sclerosis affects her balance, coordination, mobility, dexterity, strength, endurance, and vision. In addition, she experiences numbness and tingling in her legs and feet. At all relevant times, Plaintiff has been substantially limited in the major life activities of walking, standing, and lifting.

13. At all relevant times, Plaintiff Palzkill was a qualified individual with a disability, as that term is defined by 42 U.S.C. § 12111(8) of the Americans With Disabilities Act.

14. At all relevant times, CURT was a covered entity as that terms is defined in 42 U.S.C. §12111(5).

15. Omni Resources, Inc., is an employment agency that provides information technology consulting and computer services by, among other things, offering contract employees to employers.

16. On May 2, 2011, Plaintiff began her employment at CURT as a contracted programmer/analyst through Omni Resources, Inc.

17. Around the time of Plaintiff's hire in May of 2011, CURT had two vacant positions, referred to as AS/400 computer programmer/analyst positions.

18. Plaintiff's employment at CURT was through a Consulting Services Agreement between CURT and Omni Resources wherein Omni agreed to provide the computer programming services of Plaintiff Palzkill to CURT.

19. The Consulting Services Agreement contained a "right to hire" clause. According to this clause, after 1,000 hours of service, CURT could hire Plaintiff Palzkill, at no additional charge to CURT.

20. At the same time, in May of 2011, CURT contracted with Omni for another computer programmer, Kathleen Fjerstad, to assist with its computer system needs. This contract also contained a right to hire clause.

21. Tim Hau supervised both Plaintiff Palzkill and Kathleen Fjerstad while they worked for CURT as computer programmer/analysts, on a contract basis, through OMNI Resources. At all relevant times, Hau was the Director of Information Technology or Chief Information Officer of CURT.

22. In the spring of 2011, Hau met with both Plaintiff Palzkill and Kathleen Fjerstad, individually, to discuss their interest in becoming direct employees of CURT, rather than working through OMNI Resources on a contract basis.

23. During the meeting between Hau and Palzkill in the spring of 2011, Hau discussed the AS/400 programmer/analyst position and that Palzkill's background and prior experience matched the requirements for that position.

24. In response to Hau's question regarding Palzkill's interest in the position, she told him that she was very interested in becoming an employee at CURT.

25. During the week of August 9, 2011, Plaintiff Palzkill meet with Hau to discuss Plaintiff becoming a permanent employee of CURT in the computer programming/analyst position.

4

26. At the meeting during the week of August 9, 2011, Hau told Plaintiff Palzkill that CURT was very pleased with her work performance and wanted to add her as a permanent employee of CURT.

27. During the meeting the week of August 9, 2011, Plaintiff Palzkill disclosed to Hau that she suffered from Multiple Sclerosis. Hau asked about Palzkill's symptoms, which she disclosed to Hau.

28. In response to being informed of Plaintiff's Multiple Sclerosis, Hau told Plaintiff Palzkill that he needed to inform Bob Roemer (CURT's Chief Financial Officer at the time) and Kim Myers, CURT's Human Resource Director, of her Multiple Sclerosis.

29. A few days later, in August of 2011, Hau met with Plaintiff Palzkill and told her that Myers and/or Roemer said that Plaintiff's Multiple Sclerosis would be a concern. Hau then asked Palzkill if she would be interested in working for CURT as a self-employed contractor.

30. Subsequent to Palzkill's disclosure of her Multiple Sclerosis, CURT never offered Palzkill employment as a programmer/analyst.

31. In the beginning of October, 2011, CURT hired Kathleen Fjerstad as a full-time, permanent computer programmer/analyst.

32. On October 31, 2011, Hau again approached Plaintiff Palzkill and inquired if she would like to become a self-employed computer programmer/analyst. Plaintiff responded in the negative.

33. As Plaintiff Palzkill was now aware that she was not going to be hired as a permanent CURT employee, she asked Hau if it would be possible to be hired as an employee of CURT, with no benefits.

34. Hau responded to Plaintiff's inquiry stating that he would have to check with Greg Hooks, CURT's Chief Executive Officer. Hau never informed Plaintiff of the results of his conversation with Greg Hooks, and CURT never offered Palzkill employment a an employee without benefits.

35. During a meeting between Hau and Plaintiff Palzkill in the middle of November, 2011, Hau informed Plaintiff that he was happy she had not approached him about the remaining vacant permanent computer programming/analyst position. This was not true, as Plaintiff had specifically expressed her interest in this position and desire to be hired into this position.

36. In early April, 2012, Hau told Plaintiff Palzkill that CURT would be finishing with its need for Plaintiff as a computer programmer and that CURT would be separating her employment around the middle of June, 2012.

37. Hau informed Plaintiff Palzkill that her work performance played no part in the decision to let her go.

38. Following Hau's conversation with Plaintiff Palzkill in April of 2012, Palzkill was assigned to provide knowledge transfer to two programmers who had limited AS/400 experience. One programmer was a college graduate with an accounting degree and the other programmer was working in documentation and labeling. Plaintiff Palzkill provided this knowledge transfer for approximately one month.

39. One month later, in May of 2012, CURT hired another AS/400 computer programmer/analyst, thereby filling the one remaining vacant position.

40. Palzkill's last day of work, for CURT, was June 7, 2012.

41. Defendants' conduct, as described herein, constituted intentional discrimination and/or was in reckless or intentional disregard of Plaintiff's federally protected rights.

6

## FIRST CAUSE OF ACTION
## DISCRIMINATION BY REFUSING TO HIRE OR EMPLOY BASED ON DISABILITY
### (Violation of 42 U.S.C. § 12112 (a) & 42 U.S.C. § 12112(b))

42. Plaintiff incorporates and re-alleges the allegations set forth in all previous paragraphs.

43. Defendants discriminated against Plaintiff on the basis of disability by refusing to hire Plaintiff for the permanent position of computer programmer and denying Plaintiff the opportunity to became a permanent computer programmer.

44. Plaintiff is an otherwise qualified individual with a disability.

45. Defendants' employment decision was based on Plaintiff's disability.

46. Defendants' conduct was a violation of 42 U.S.C. § 12112(a), 42 U.S.C. § 12112(b)(1), 42 U.S.C. § 12112(b)(4) and 42 U.S.C. § 12112(b)(5)(B).

47. Plaintiff has suffered and continues to suffer pecuniary harm and emotional injury as a result of Defendants' discrimination.

WHEREFORE, Plaintiff, Pamela Palzkill, respectfully requests the following relief:

A. Reinstatement or front pay in lieu thereof;

B. Back Pay;

C. Pre-judgment interest;

D. Compensatory damages;

E. Appropriate injunctive relief;

F. Punitive damages; and

G. Attorney's fees and costs;

H. Such other further relief as the Court deems appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL**

Dated: August 14, 2014

BAKKE NORMAN, S.C.

By: _____
Peter M. Reinhardt
Attorney No. 1025187
2919 Schneider Avenue, P.O. Box 280
Menomonie, WI 54751
(715) 235-9016
preinhardt@bakkenorman.com
Attorneys for Plaintiff